IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br><br><br><br><br>            vs.<br><br><br>MARIE RICHINS,<br><br>      Defendant. | **MEMORANDUM DECISION DIRECTING GOVERNMENT TO EXPLAIN ITS REFUSAL TO MAKE ACCEPTANCE OF RESPONSIBILITY MOTION**<br><br><br><br><br><br><br>Case No. 1:05-CR-00130 PGC |

## INTRODUCTION

Under the Sentencing Guidelines, a defendant who has committed a serious crime with an offense level of sixteen or greater can receive as much as a three-level reduction in the final adjusted offense level for "acceptance of responsibility."[1]  This reduction consists of two parts: first, a two-level reduction if the court determines that the defendant has clearly accepted responsibility for his offense;[2] and second, an additional one-level reduction if the government makes a motion certifying that the defendant has "timely notified" the government of his intent to

---

[1] U.S.S.G. § 3E1.1 (2005).

[2] U.S.S.G. § 3E1.1(a) (2005)

plead guilty, "thereby permitting the government to avoid preparing for trial."[3]  In this case, the government has refused to make the motion for the third level reduction – not on grounds that defendant Richins's decision to plead guilty was untimely but rather apparently on grounds that, in the government's view, she has not really accepted responsibility for her crime.  Because this is not a valid basis for the government to withhold its motion, the court directs the government to show good cause for its decision.

## BACKGROUND

On October 12, 2005, the grand jury handed down an indictment charging Ms. Richins with Bank Fraud, in violation of 18 U.S.C. § 1344 (Count 1), and Identity Fraud, in violation of 18 U.S.C. § 1028 (Count 2).  The charges stemmed from a fraud scheme, in which Ms. Richins would submit fraudulent payroll time cards to an employer – TemPay – for reimbursement.  She was arraigned, but quickly moved to continue the trial date.  On December 5, 2005, the court struck the trial date in the case, setting a status conference for January 19, 2006.  On that date (the first district court hearing in the case), Ms. Richins entered a plea of guilty to Count 1 of the indictment, pursuant to a plea agreement with the government that was approved by the court.

The probation officer then prepared a presentence report (PSR), that was distributed to both parties.  Among other things, the PSR indicated: "The defendant has accepted full responsiblity for her actions in the instant offense by admitting to her conduct."[4]  On March 7, 2006, the prosecutor advised the probation office that she "had no objections to the presentence

---

[3] U.S.S.G. § 3E1.1(b) (2005).

[4] PSR at ¶ 15.

report."[5]  Defense counsel raised an objection to an enhancement for more than fifty victims of

the offense,[6] which was resolved when both parties agreed the enhancement was not appropriate.

On April 10, 2006, the court held a sentencing hearing.  The government, however,

moved to continue the hearing so that it could continue to collect additional information about

losses to the victims of the offense for restitution purposes.  Over the objection of the defendant,

the court granted the motion and reset the hearing for April 28, 2006.  On April 27, 2006, at the

request of the government, the court held a telephone conference to hear another government

request to continue sentencing to gather restitution information.  During the conference, all

parties agreed to proceed with the sentencing hearing on April 28, 2006, but to hold the

restitution issue open for an additional ninety days as allowed by law.[7]

On April 28, 2006, the court held a sentencing hearing.  At the start of the hearing, the

government for the first time raised the acceptance of responsibility issue and indicated that it

would not be making the motion for the third-level reduction for acceptance of responsibility.

The government pointed to the last sentence in paragraph fifteen of the PSR, which indicated that

Ms. Richins had admitted guilt to her employer when confronted:

> The defendant has accepted full responsiblity for her actions in the instant offense
> by admitting to her conduct.  She indicated that, at the time she committed this
> offense, her business was doing very well.  She had many customers and her
> business was growing very quickly.  However, there came a point when her
> customers owed her more than $50,000 and she was not getting paid an income by

---

[5]PSR Add. at 1.

[6]*See* U.S.S.G. § 2B1.1(b)(2)(B) (2005).

[7]*See* 18 U.S.C. § 3664(d)(5).

TemPay due to some outstanding invoices.  She indicated that she began to think of her own survival and began making fraudulent time cards for fictitious employees in order to get paid.  *She reported that when TemPay confronted her regarding these fraudulent time cards she admitted to her actions.*[8]

The government said that it just learned by calling counsel for a victim in this action – TemPay – that Ms. Richins had not admitted her guilt to the company when confronted with apparently fraudulent time cards.  The government made that proffer orally, with no supporting affidavits, documents, or witnesses.  In the government's view, the fact that it alone believed that Ms. Richins had made a false statement to the probation office was sufficient reason for refusing to make the third-level motion.  The defense objected, and the court reset the sentencing hearing to May 11, 2006 to allow additional review of this issue.

## THE GOVERNMENT HAS NOT SHOWN A VALID BASIS FOR REFUSING TO MAKE THE THIRD-LEVEL MOTION

The first issue the court faces is the proper standard for reviewing a government's decision not to file the third-level motion.  Virtually no cases have analyzed the issue.  The court has found one case, from the Eighth Circuit, suggesting in dicta that, upon proper challenge, the government must show that its "failure to file a motion was rationally related to any legitimate government end."[9]  The court adopts that standard here.

Under that standard, the court does not understand how the government's failure to file the motion is "rationally related" to a legitimate government end.  The government's position seems at odds with the position it took earlier regarding the PSR.  As noted above, paragraph

---

[8]PSR at ¶ 15 (emphasis added).

[9]*United States v. Borer*, 412 F.3d 987, 991 n.4 (8th Cir. 2005).

fifteen of the PSR flatly stated that the defendant had "accepted full responsibility" for her crime. After receiving the PSR, the prosecutor advised the probation officer that she "had no objections to the presentence report."[10]  Based on this position, it was a complete surprise for the court – and presumably the defendant – to learn at the sentencing hearing that the matter of acceptance of responsibility was controverted.

Perhaps the reason for government's refusal to make the third-level motion is the idea that the information provided by TemPay counsel's changed the posture of this case.  If so, however, that information has not been presented to the court and the probation office in a timely fashion.  The Federal Rules of Criminal Procedure mandate that "*[w]ithin 14 days after receiving the presentence report,* the parties must state in writing any objections."[11]  The rules go on to provide that, upon the filing of any objections, the probation officer will hold a meeting with counsel for the parties to resolve such objections.[12]  The probation officer then makes any necessary revisions to the report and submits the revised report to the court at least seven days before sentencing.[13]

This fourteen-day deadline is a critical component of the guidelines scheme.[14]  In a previously-published decision, this court emphasized that untimely objections by defense counsel

---

[10]PSR Add. at 1.

[11]Fed. R. Crim. P. 32(f)(1) (emphasis added).

[12]*See* Fed. R. Crim. P. 32(f)(3).

[13]*See* Fed. R. Crim. P. 32(g).

[14]*See United States v. Delgado Garcia*, 282 F. Supp. 2d 1299, 1300 (D. Utah 2003).

short-circuit this entire process; are unfair to opposing counsel, the defendant, the probation office, and the court; and may even warrant sanctions against the responsible defense attorney.[15] Needless to say, the prosecutor should be held to the same standard of timeliness.

To be sure, there may be unusual situations where, through no fault of a party, new information arises shortly before sentencing. But in this case, the government has made no claim that the information about Ms. Richins's alleged failure to admit her guilt to her employer could not have been reasonably learned earlier. Thus, any government objection to paragraph fifteen is simply untimely.

Even more important than the question of timing, however, is the question of the government's basis for refusing to make the motion. Even if the government has satisfied itself that Ms. Richins has not accepted responsibility for her actions by giving inaccurate information to the probation office, that decision is one ultimately reserved to the court. The acceptance of responsibility provision breaks into two parts. The first part (the two-level section) deals generally with acceptance of responsibility and is clearly the province of the court. The second part (the one-level section) pertains to a very narrow issue of the timeliness of a defendant's decision to enter a guilty plea and requires a motion by the government:

    (a)    If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

    (b)    If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant *has assisted authorities in the investigation or prosecution of his own*

---

[15]*See id.* at 1300-01.

> *misconduct by timely notifying authorities of his intention to enter a plea*
> *of guilty, thereby permitting the government to avoid preparing for trial*
> *and permitting the government and the court to allocate their resources*
> *efficiently*, decrease the offense level by 1 additional level.[16]

In this case, the court does not understand the government to be claiming that Ms.

Richins has failed to meet subsection (b)'s requirement of "timely notifying authorities" of her

intent to plead guilty.  Nor would any such claim be plausible.  At the time Ms. Richins notified

the court and the government of her intent to plead guilty, no trial date was even set.[17]  Therefore,

the only basis for the government's decision must be its own view that Ms. Richins has failed to

meet subsection (a)'s requirement of accepting responsibility for her actions.  But this issue is

one for the court – not the government.  To permit the government to withhold the third-level

motion based on its own assessment that the defendant was not accepting responsibility would

transform a narrow provision requiring a government certification that it has received timely

notification of an intent to plead guilty into broad authority for the government to undertake its

own assessment of the defendant's remorsefulness.

Nothing in the history surrounding the adoption of subsection (b) supports this sweeping

view of the government's power.  Before 2003, subsection (b) provided:

> (b)    If the defendant qualifies for a decrease under subsection (a), the offense
> level determined prior to the operation of subsection (a) is level 16 or
> greater, and the defendant has assisted authorities in the investigation or
> prosecution of his own misconduct by taking one or more of the following
> steps:

---

[16]U.S.S.G. § 3E1.1 (2005) (emphasis added).

[17]Docket Nos.  21 & 22.

(1)     timely providing complete information to the government
concerning his own involvement in the offense; or

(2)     timely notifying authorities of his intention to enter a plea of guilty,
thereby permitting the government to avoid preparing for trial and
permitting the court to allocate its resources efficiently, decrease
the offense level by 1 additional level.

Thus, before 2003, the third-level reduction was available if the defendant timely provided either

complete information to the government concerning involvement in the offense *or* timely

pleaded guilty.  The Guideline commentary to this section (before 2003) indicate that the

avoiding the costs of trial was a primary purpose of this section.[18]   The decision about whether

the defendant qualified for the third-level reduction was made by the court.

In 2003, Congress directly amended this Guideline provision, inserting the language

substituting the requirement that the government to make the motion for the third-level reduction

that currently is in subsection (b).[19]  That amendment also eliminated the provision that allowed a

defendant to receive the third-level reduction for acceptance of responsibility even up to the date

of trial where the defendant provided information to the government.[20]  In the amendment,

however, Congress maintained a one-level reduction for a defendant that "assisted authorities in

the investigation or prosecution of his own misconduct by timely notifying authorities of his

intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial

---

[18]*See* U.S.S.G. 3.E1.1 (2002) cmts. 2 & 6.

[19]*See* Pub. L.108-21 § 401(g).

[20]*See id.*

and permitting the government and the court to allocate their resources efficiently."[21]  This language evidences Congress's focus on avoid the costs of preparing for trial, as suggested in commentary added at the same time.[22]  In light of this legislative background, the legitimate issues that the government may analyze in determining whether to make the third-level motion are those surrounding the timeliness of the defendant's decision to plead guilty.  The larger issue of whether a defendant has accepted responsibility remains for the court.

This conclusion is reinforced by commentary to both the pre-2003 and 2003 versions of the Guideline.  Before 2003, the commentary to subsection (a) indicated:  "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility.  For this reason, the determination of the sentencing judge is entitled to great deference on review."[23]  When it amended subsection (b) in 2003, Congress did not alter subsection (a) or the relevant commentary to that section.  Congress, therefore, must have intended that the acceptance of responsiblity determination remain within court discretion.

This is not to say that the government must always make a motion for acceptance of responsibility, even where in its view the defendant has not accepted responsibility.  Under the plain language of section 3E1.1, a defendant is not entitled to the *third-level* reduction for

---

[21]*Id.*

[22]*See id.* (adding to comments "Because the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, an adjustment under subsection (b) may only be granted upon a formal motion by the Government at the time of sentencing").

[23]*Id.* at cmt. 5; U.S.S.G. § 3E1.1 (2002) cmt. 5.

acceptance of responsibility unless she also first qualifies for the *two-level reduction*.[24]  Thus, if the government believes that a defendant is not properly remorseful, it may object to the defendant receiving *any* credit for accepting responsibility.  But what the government may not do is use its power over the third-level motion as a means for giving weight to its own view of whether the defendant has accepted responsibility.

Finally, it is worth briefly mentioning the effect of the negotiated plea in this case.  Under the plea agreement, the government agreed to "[r]ecommend defendant receive full credit for acceptance of responsibility if, in the opinion of the government, she continues to accept responsibility for her actions up to and including the time for sentencing."[25]  Under this provision, the government retains discretion to decide whether it will make a motion for acceptance of responsibility.  In light of this discretionary provision, the government has not in any way violated the plea agreement in this case.   But the government has obligations entirely apart from any agreement it reached with the defendant.  As noted at the outset, upon proper challenge, the government must show that its "failure to file a [third-level] motion was rationally related to any legitimate government end."[26]  In this case, the government is failing not to meet its obligations under the plea agreement, but rather its obligations under the sentencing

---

[24]U.S.S.G. § 3E1.1 (2005) (listing requirements for third-level reduction for acceptance of responsiblity as including that "the defendant qualifies for a decrease under subsection (a)").

[25]Statement in Advance of Plea, ¶ 12.b.1.

[26]*Borer*, 412 F.3d at 991 n.4.

guidelines.  Put another way, even in the absence of a negotiated plea agreement, the government

cannot withhold the third-level motion without a rational basis.

Ordinarily the court would not trouble to directly question the government on this issue.

But in this case, the defense objects and the court can see no rational basis for the government's

position.  Moreover, the issue of when the government is going to withhold third-level motions is

an important one for efficient management of the court's docket.  Most of the court's cases are

resolved through negotiated pleas.  That process will only work effectively if defendants and

their counsel – along with the court – can have clear understanding of how the government will

handle third-level motions.  For all these reasons, the court directs the government to provide a

full explanation of its decision to refuse to make the third-level motion here.

## CONCLUSION

The government shall explain why it has declined to file a motion for the third-level

reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(b) by May 10, 2006.

DATED this 3rd day of May, 2006.

BY THE COURT:

_____

Paul G. Cassell
United States District Judge